UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.A., individually and on behalf of G.K. and J.K., children with disabilities,<br><br>       Plaintiff,<br><br>  -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>       Defendant. | No. 23-CV-8547 (VEC) (RFT)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE VALERIE E. CAPRONI, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Plaintiff's motion for summary judgment (ECF 31) pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), seeking $95,179.00 in attorneys' fees and costs for work performed by the Law Offices of Irina Roller, PLLC ("LOIR") and the Law Office of Ellen Saideman, consisting of $18,884.50 in fees for an administrative proceeding involving the child G.K., $38,152.50 in fees for an administrative proceeding involving the child J.K., $37,740.00 in fees for this proceeding, and $402.00 in costs.[1] Defendant argues that Plaintiff's motion should be denied in its entirety, because LOIR has failed to establish that its billing records were maintained contemporaneously and that Plaintiff authorized the filing of this action. In the alternative, Defendant contends that Plaintiff's requested fee award should be substantially reduced. For the reasons set forth below, I respectfully recommend that Plaintiff's motion should be GRANTED IN PART, in that Plaintiff

---

[1] Plaintiff's request in her reply memorandum of law is for $94,770.00 in attorneys' fees and $402.00 in costs, which totals $95,172.00. (*See* ECF 51, Pl.'s Reply at 10-11.) However, the fees sought for the G.K. administrative action, J.K. administrative action, and this matter plus the $402 in costs total $95,179.00. (*See id.* at 10.)

should be awarded reasonable attorneys' fees and costs in the amount of **$50,682.00**,

consisting of **$15,595.00** in fees for the administrative proceeding involving G.K., **$28,192.50** in

fees for the administrative proceeding involving J.K., less **$2,000.00** for deductions for 0.1 hour

time entries, plus **$8,492.50**  in fees for this proceeding, and **$402.00** in costs, plus post-

judgment interest, and otherwise should be DENIED IN PART.

## FACTUAL BACKGROUND[2]

Plaintiff J.A. is the parent of G.K. and J.K., children with disabilities as defined by the

IDEA, 20 U.S.C. § 1401(3). (*See generally* ECF 33-6, G.K. DPC; ECF 33-15, J.K. DPC.)

On October 24, 2019, Plaintiff submitted an initial due process complaint ("DPC"),

alleging that Defendant had failed to provide G.K. with a free appropriate public education

("FAPE"). (*See generally* ECF 33-6, G.K. DPC.) The DPC requested, among other relief, (1) a

determination that Defendant had failed to provide G.K. with a FAPE for the 2019-2020 school

year; (2) a determination that the Stephen Gaynor School was the appropriate placement for

G.K.; (3) an award to J.A. of full tuition for the Stephen Gaynor School for the 2019-2020 school

year; (4) direct funding by Defendant for tuition at the Stephen Gaynor School and

reimbursement of J.A. for any tuition paid to the Stephen Gaynor School for the 2019-2020

school year; (5) door-to-door transportation to the school in an air-conditioned vehicle with

limited travel time; and (6) reimbursement of J.A. for the cost of a 2018 neuropsychological

evaluation and report. (*See id.* ¶¶ 51-59.)

---

[2]    I take this factual background from the records from the two administrative proceedings. *See Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101 (2d Cir. 2022) (explaining that "[o]n a motion for summary judgment, the court considers all relevant, admissible evidence submitted by the parties" and contained in the filings on the docket).

The Independent Hearing Officer ("IHO") held two status conferences before the Due Process Hearing ("DPH") on July 23, 2020. (*See* ECF 33-8, Apr. 7, 2020 Hrg. Tr.; ECF 33-9, May 7, 2020 Hrg. Tr.; ECF 33-10, July 23, 2020 Hrg. Tr. ("G.K. DPH Tr.").) At the DPH, Plaintiff's counsel submitted 17 exhibits and three affidavits; all the exhibits and two of the affidavits were admitted into evidence. (*See* G.K. DPH Tr. at 20-22.) Defendant did not cross-examine any of the affiants or put on a case. (*See id.* at 20, 24.) Plaintiff's counsel submitted a written closing statement to the IHO on August 31, 2020 (ECF 33-11).

On September 29, 2020, the IHO issued a Findings of Fact and Decision ("FOFD") concluding that Defendant had denied G.K. a FAPE and that private school was appropriate for G.K. (*See* ECF 33-12, Sept. 29, 2020 FOFD at 4, 5.) The IHO ordered, among other relief, that Defendant (1) directly pay full tuition to the Stephen Gaynor School for the 2019-2020 school year and reimburse J.A. for any tuition payments; and (2) provide G.K. with door-to-door transportation in an air-conditioned bus with under 60 minutes of travel time. (*See id.* at 5.)

On May 5, 2022, Plaintiff submitted a DPC alleging that Defendant had failed to provide J.K. with a FAPE. The DPC requested, among other relief, (1) a determination that Defendant had failed to provide J.K. with a FAPE for the 2020-2021 school year; (2) a determination that Defendant failed in its Child Find obligations of "identify[ing], evaluat[ing], and classify[ing] the student prior to parents' referral, despite significant struggles in the class room prior to the parents referral";[3] (3) a determination that the Stephen Gaynor School was the appropriate

---

[3]    Public school districts have a legal duty to "find children who may have a disability and be in need of special education services." (ECF 33-15, J.K. DPC at 8 (citing 20 U.S.C. § 1412(a)(3) and 35 C.F.R. § 300.111).)

placement for J.K.; (4) payment by Defendant of full tuition for the Stephen Gaynor School for the 2020-2021 school year and reimbursement of J.A. for any tuition paid to the Stephen Gaynor School for the 2020-2021 school year; (5) compensatory education; (6) door-to-door transportation to school in an air-conditioned vehicle with limited travel time and reimbursement for any transportation costs already incurred; and (7) reimbursement of J.A. for the cost of private neuropsychological evaluations. (*See generally* ECF 33-15, J.K. DPC.)

The IHO held a status conference before the DPH, which was held over two days in June and July 2022 . (*See* ECF 33-18, June 9, 2022 Hrg. Tr. at 2; ECF 33-19, June 23, 2022 Hrg. Tr.; ECF 33-20, July 26, 2022 Hrg. Tr.) On the first day of the DPH, the IHO admitted 11 of Plaintiff's 12 exhibits, including two over Defendant's objections, and all eight of Defendant's exhibits, including one over Plaintiff's objection. (*See* ECF 33-19, June 23, 2022 Hrg. Tr. at 7-8, 11-14.) After opening statements, Plaintiff withdrew the requests for compensatory education, transportation funding and reimbursement, and reimbursement for private neuropsychological evaluations. (*See id.* at 18-19.)

On the second day of the DPH, the IHO admitted three affidavits submitted by Plaintiff. (*See* ECF 33-20, July 26, 2022 Hrg. Tr. at 26-27.) Defendant cross-examined Plaintiff's affiants. (*See generally id.*) Plaintiff's counsel made a closing statement at the hearing and Defendant submitted a written closing statement. (*See id.* at 64-66.) Plaintiff's counsel also submitted a written closing statement (ECF 33-21).

On August 20, 2022, the IHO issued a FOFD concluding that Defendant had denied J.K. a FAPE, that the Stephen Gaynor School was appropriate for J.K., and that the parents were

unable to pay tuition. (*See* ECF 33-23, Aug. 20, 2022 FOFD at 1, 8.) The IHO ordered, among

other relief, that Defendant pay J.K.'s tuition at the Stephen Gaynor School. (*See id.* at 8.)

**PROCEDURAL HISTORY**

On September 28, 2023, Plaintiff filed this action, seeking $95,179.00 in attorneys' fees

and costs, consisting of $18,884.50 for the G.K. administrative matter, $38,152.50 for the J.K.

administrative matter, and $37,740.00 for this action, plus $402.00 in costs. (*See* ECF 51, Pl.'s

Reply Mem. at 10, 11.) On January 23, 2024, Defendant made a settlement offer of $33,800.00,

which Plaintiff declined. (*See* ECF 44, Def.'s Opp. at 2; ECF 46-4, Offer of Settlement ¶ 2.)

On April 9, 2024, Plaintiff filed the pending motion for summary judgment. (*See* ECF 31,

Pl.'s Mot.) In support of the motion, Plaintiff submitted, among other filings, a memorandum of

law (ECF 32); declarations by counsel in this case (ECF 33, Declaration of Irina Roller ("First Roller

Decl.") (attaching exhibits); ECF 34, Declaration of Ellen M. Saideman ("First Saideman Decl.")

(attaching exhibits); declarations by experienced lawyers about billing rates in the District (ECF

35, Declaration of Gary S. Mayerson ("Mayerson Decl."); ECF 36, Declaration of Adrienne J.

Arkontaky ("Arkontaky Decl."); ECF 37, Declaration of Susan J. Deedy ("Deedy Decl.");

declarations by former clients (ECF 38, 39, 40); and a declaration by J.A. (ECF 41, First J.A. Decl.).

Defendant's filings in opposition included a memorandum of law (ECF 44); and declarations by

counsel, some of which attached exhibits (ECF 45, 46, 47, 48). Plaintiff filed reply papers in

support, including, among other documents, a reply memorandum of law (ECF 51); declarations

by counsel in this case (ECF 52, Second Roller Decl.; ECF 53, Second Saideman Decl.); a

declaration by another experienced lawyer about billing rates in the District (ECF 54, Declaration

of Andrew Rozynski ("Rozynski Decl.")); and another declaration by J.A. (ECF 56, Second J.A.

Decl.). With leave of Court (ECF 59), Defendant filed a sur-reply (ECF 60). The motion for summary judgment was fully briefed as of June 24, 2024.

By order of reference dated April 3, 2024, this case was referred to a magistrate judge for a report and recommendation on the then-anticipated motion for summary judgement. (*See* ECF 30, Order of Ref.) On April 4, 2024, the reference was reassigned to me.

On August 5, 2024, this case was stayed pending the Second Circuit's decision of the tandem appeals in *Y.G. v. N.Y.C. Dep't of Educ.*, No. 22-1184. (*See* ECF 63, Order.) On July 24, 2025, the Second Circuit issued its decisions in *Y.G.*; because of an anticipated petition seeking rehearing en banc, the stay remained in effect. (*See* ECF 65, Order.) On September 25, 2025, the Second Circuit declined rehearing and on October 3, 2025, the Second Circuit issued a mandate. (*See* ECF 66, Letter.) On October 14, 2025, Your Honor lifted the stay. (*See* ECF 67, Order.)

## DISCUSSION

### I.      Legal Standards

#### A.      Summary Judgment

"Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Karnauskas v. Columbia Sussex Corp.*, No. 09-CV-7104 (GBD), 2012 WL 234377, at *2 (S.D.N.Y. Jan. 24, 2012) (quoting Fed. R. Civ. P. 56(c)); *see also Vacold, LLC v. Cerami*, 545 F.3d 114, 121 (2d Cir. 2008) ("Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is

entitled to a judgment as a matter of law.").[4] The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A fact is material only where it will affect the outcome of the suit under governing law." *Karnauskas,* 2012 WL 234377, at *2 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "For there to be a genuine issue about the fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Karnauskas*, 2012 WL 234377, at *2 (quoting *Liberty Lobby*, 477 U.S. at 248).

In deciding whether there is any genuine issue of material fact, the Court draws all inferences in favor of the non-moving party. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004) ("[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."). Declarations in support of or in opposition to summary judgment "must be based on personal knowledge, must set forth such facts as would be admissible in evidence, and must show that the affiant is competent to testify to the matters stated therein." *R.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004)). Absent record evidence "from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact," summary judgment is appropriate. *See Catlin v. Sobol*, 93 F.3d 1112, 1116 (2d Cir. 1996).

---

[4]    Unless otherwise indicated, this report and recommendation omits internal quotation marks, citations, and alterations from quoted text.

B.        IDEA Fee Awards

Congress enacted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." 20 U.S.C. § 1400(d)(1)(A). The IDEA therefore provides children with disabilities and their parents the right to seek relief from the relevant local educational agency at an "[i]mpartial due process hearing." *Id.* § 1415(f). At that hearing, these children and parents can bring a claim that the state educational agency failed to provide the child "a free appropriate public education." *Id.* § 1400(d)(1)(A); *H.W. v. N.Y.C. Dep't of Educ.*, No. 21-CV-10591 (RA), 2022 WL 541347, at *1 (S.D.N.Y. Feb. 23, 2022), *aff'd sub nom. H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023).

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability" for any action brought pursuant to the statute. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The award of fees and costs "may cover work performed in connection with the hearing, before the district court, and on appeal from the district court." *R.P.*, 2022 WL 1239860, at *2.

The IDEA's fee-shifting provision requires courts to "undertake a two-pronged inquiry" when considering a claim for attorneys' fees. *A.B. v. N.Y.C. Dep't of Educ.*, No. 20-CV-3129 (SDA), 2021 WL 951928, at *2 (S.D.N.Y. Mar. 13, 2021); *see also M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *2 (S.D.N.Y. Sept. 14, 2018). First, the court "must . . . determine whether the party seeking the award is in fact a prevailing party." *A.B.*, 2021 WL 951928, at *2 (quoting *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006)). Second, if the court finds the party to have been a prevailing party, "the court must then determine whether, under

8

the appropriate standard, that party should be awarded attorney's fees." *A.B.,* 2021 WL 951928, at *2 (quoting *Sloan*, 449 F.3d at 407). A parent seeking fees under the IDEA "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

### 1. Prevailing Party

To be considered a prevailing party under the IDEA, a plaintiff must achieve a judicially sanctioned "material alteration of the legal relationship of the parties." *O'Shea v. Bd. of Educ.,* 521 F. Supp. 2d 284, 289 (S.D.N.Y. 2007) (quoting *Roberson v. Giuliani*, 346 F.3d 75, 79-80 (2d Cir. 2003)). "The prevailing party standard has been interpreted generously by the Supreme Court and the Second Circuit in terms of the degree of relief required." *B.W. ex rel. K.S. v. N.Y.C. Dep't of Educ.*, 716 F. Supp. 2d 336, 345 (S.D.N.Y. 2010). "A parent who receives . . . an [equitable] award pursuant to an administrative proceeding, such as a hearing in front of an Independent Hearing Officer . . . is considered a prevailing party under the IDEA and is entitled to reasonable attorneys' fees and litigation costs." *Streck v. Bd. of Educ.*, 408 F. App'x 411, 415 (2d Cir. 2010) (quoting 20 U.S.C. § 1415(i)(3)(B)). Notably, a prevailing party does not need to prevail on every issue but must "succeed on any significant issue on litigation which achieves some of the benefit the parties sought in bringing the suit." *R.R. v. N.Y.C. Dep't of Educ.*, No. 23-CV-4494 (VEC) (RFT), 2024 WL 6046877, at *4 (S.D.N.Y. June 3, 2024), *report and recommendation adopted*, 2025 WL 3516102 (S.D.N.Y. Dec. 8, 2025).

### 2. Award of Attorney Fees

If a plaintiff is determined to be a prevailing party, the court considers whether an award of attorneys' fees is appropriate and if so, in what amount. The IDEA provides that the fees

awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). "To calculate reasonable attorneys' fees under the IDEA, courts apply the lodestar method." *H.C.*, 71 F.4th at 126; *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008)*; Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011); *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11-CV-5243 (GBD) (FM), 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014). "Under the lodestar method, a fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.*; *see also H.W.*, 2022 WL 541347, at *2.

The lodestar method is a two-step inquiry. *See H.C.*, 71 F.4th at 126. First, a court determines if "the number of hours [claimed by the plaintiff were] reasonably expended . . . [and] may exclude hours that are excessive, redundant, or otherwise unnecessary." *Id.* Second, a court determines the "reasonable hourly rate [which] is the rate a paying client would be willing to pay." *Id.* When determining a reasonable hourly rate, courts consider the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Lilly v. City of New York*, 934 F.3d 222, 229-30 (2d Cir. 2019); *Arbor Hill*, 522 F.3d at 186-88; *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17-CV-7632 (PAE), 2018 WL 3769972, at *4 (S.D.N.Y. Aug. 9, 2018). These factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19). "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *E.F.*, 2014 WL 1092847, at *3.

"[T]he civil rights fee-shifting statutes contemplate that the fee should both be sufficient to account both for the income reasonable counsel would forego at the time by handling the matter (hence, sensitivity to historical rates) and also the current rates to account for the delay in payment from when the services were rendered." *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1923 (LJL), 2021 WL 4804031, at *15 (S.D.N.Y. Oct. 13, 2021), *aff'd sub nom. H.C.*, 71 F.4th 120. Thus, in assessing a reasonable hourly rate, courts may look to "reasonable current rates for attorneys of comparable skill, experience, and reputation, and not just the historical rates at the time the services were performed." *Id.*

To determine the number of hours counsel reasonably spent on a case, courts consider "not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 367 (S.D.N.Y. 2018). Hours reasonably expended may not include excessive or redundant time. *See Hensley*, 461 U.S. at 434.

Requested fees "must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Olaechea v. City of New York,* No. 17-CV-4797 (RA), 2022 WL 3211424, at *13 (S.D.N.Y. Aug. 9, 2022); *see also N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147-48 (2d Cir. 1983) ( "Contemporaneous time records

11

are a prerequisite for attorney's fees in this Circuit," and such records "should specify, for each attorney, the date, the hours expended, and the nature of the work done.").

## II.    Analysis

### A.    Plaintiff Is a Prevailing Party

Defendant does not dispute that Plaintiff is a prevailing party in the administrative proceedings. (*See* ECF 44, Def.'s Opp. at 6.)

### B.    Plaintiff Authorized this Fee-Shifting Action

Defendant disputes that J.A. authorized the filing of this fee action, arguing that she did not explicitly so state in her first declaration (ECF 41); Defendant argues that the Court should therefore deny Plaintiff's motion in its entirety and decline to award any fees. (*See* ECF 44, Def.'s Opp. at 8.) To support its position, Defendant cites to a recent case in this District involving LOIR and a client who claimed he did not authorize LOIR to file a federal fee action. (*See id.*) Whatever may have happened in that other case, J.A. has participated in this action by filing two declarations, including a declaration stating she "submitted this declaration in support of [her] request for legal fees filed by [her] attorneys, [LOIR]," (ECF 41, First J.A. Decl.), and a reply declaration stating that "[her] attorneys filed this action with [her] knowledge." (ECF 56, Second J.A. Decl.; *see also* ECF 51, Pl.'s Reply at 1.) Therefore, I respectfully recommend that Your Honor should reject Defendant's argument that Plaintiff's motion should be denied on the ground that J.A. did not authorize the filing of this action.

### C.    There is Evidence that LOIR's Billing Records Were Contemporaneous

Defendant goes on to argue that Plaintiff's fee application should be rejected in its entirety because Plaintiff has not demonstrated that LOIR's time records were created

12

contemporaneously with the work performed. (*See* ECF 44, Def.'s Opp. at 2-4.) Defendant notes that LOIR failed to submit its billing records either in 2020 when it first achieved prevailing party status for Plaintiff or prior to the filing of this action, and Defendant concludes that the Court has sufficient basis "to determine that Plaintiff has not established that billing records were kept contemporaneously." (*Id*. at 6-7.) To further support this position, Defendant references two prior LOIR cases in which Courts in this District expressed concern over LOIR's delay in providing billing records. (*See id.* at 7-8.)[5]

In support of its motion, Plaintiff filed four invoices reflecting the work by LOIR: (1) an invoice dated November 6, 2023, including a compilation of time entries for work on behalf of G.K. from April 29, 2019 through November 6, 2023 (ECF 33-1); (2) an invoice dated November 6, 2023, including a compilation of time entries for work on behalf of J.K. from July 17, 2020 through November 6, 2023 (ECF 33-2); (3) an invoice dated April 8, 2024, including a compilation of time entries for work done on this action from September 11, 2023 through April 8, 2024 (ECF 33-3); and (4) an invoice dated June 10, 2024, including a compilation of time entries for work done on this actin from September 11, 2023 through June 10, 2024 (ECF 52-2). Roller affirms that she maintains her "time entries electronically and entries are made contemporaneously." (ECF 33, First Roller Decl. ¶ 70; *see also* ECF 52, Second Roller Decl. ¶ 4.)

---

[5]    In one of the cases, the Court found that, notwithstanding its stated concerns, there was no basis to rule that the billing records were not maintained contemporaneously. *See M.N. on behalf of N.V. v. N.Y.C. Dep't of Educ.*, No. 23-CV-7791 (DLC), 2024 WL 3085071, at *7 (S.D.N.Y. June 20, 2024). The other case was settled before the Court decided whether the records had been contemporaneously maintained. *See S.T. v. v. N.Y.C. Dep't of Educ.*, No. 20-CV-3816 (GHW) (S.D.N.Y. April 21, 2021), ECF 25 (discontinuing the case based on the parties' notice that a settlement has been reached).

Roller asserts that the reason for the delay in submitting the billing records was that this fee application involves administrative proceedings for two students and that she reviews her "firm's invoices to ensure that privileged information is not revealed, and to avoid charging for redundancy and excessive billing." (ECF 52, Second Roller Decl. ¶ 4.) J.A. herself states that she reviewed the billing records and found them "truthful and in keeping with the work [she] know[s] that [her] attorneys did to win [her] cases." (ECF 56, Second J.A. Decl. ¶ 5.)

LOIR's issuance of invoices reflecting time billed for multiple years of work is a deeply flawed practice, insofar as the review by counsel to ensure there has been no excessive billing – which Roller identifies as a cause of the delay – becomes essentially meaningless after the passage of so much time between the work done and the preparation of the bills; the delay in providing invoices to clients also precludes effective client review as memories fade. And I fail to understand why the fact that this case involves administrative proceedings for two children rather than one would lead to the type of delays at issue here. Nevertheless, in light of Roller's declaration under penalty of perjury that LOIR's time entries were made contemporaneously, there is no basis to conclude that LOIR's billing records were not kept contemporaneously. Accordingly, I respectfully recommend that Your Honor should reject Defendant's argument that Plaintiff's motion should be denied in its entirety and no fees awarded on the ground that LOIR's billing records were not created contemporaneously.

    D.    <u>Attorneys' Fees & Costs</u>

Plaintiff seeks $95,179.00 in attorneys' fees and costs. (*See* ECF 51, Pl.'s Reply Mem. at 10.) This amount includes $18,884.50 in fees for the G.K. administrative matter, $38,152.50 in fees for the J.K. administrative matter and $38,142.00 in fees and costs for this action. (*See* ECF

32, Pl.'s Mem. at 18; ECF 51, Pl.'s Reply Mem. at 10.) Defendant responds that if the Court not

inclined to deny Plaintiff's motion in its entirety and award no fees, then Plaintiff should be

awarded no more than $27,858.70 for the G.K. and J.K. administrative proceedings, and, if the

Court concludes that any payments should be made for this action, $1,227 for this action. (*See*

ECF 44, Def.'s Mem. at 3.) For the reasons set forth below, I respectfully recommend that Your

Honor should award Plaintiff **$50,682.00**, consisting of **$15,595.00** in fees for the administrative

proceeding involving G.K., **$28,192.50** in fees for the administrative proceeding involving J.K.,

less **$2,000.00** for fees for 0.1 hour time entries, plus **$8,492.50**  in fees for this proceeding, and

**$402.00** in costs, plus post-judgment interest.

       1.   Hourly Rate

In recommending a reasonable hourly rate, I consider all the *Johnson* factors and

specifically refer to those most relevant in this case. The Second Circuit has held that, while a

court is permitted to consider hourly rates awarded in similar cases, it should also evaluate the

"evidence proffered by the parties," including the hourly rates for each timekeeper. *See*

*Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005).

Plaintiff argues that LOIR achieved the "most critical factor in determining the

reasonableness of a fee award," namely "complete success on the merits in contested due

process actions." (ECF 32, Pl.'s Mem at 20.) Plaintiff goes on to assert that *Johnson* factors

support the requested hourly rates, in light of the time and labor expended; the requisite skill

and experience of the attorneys; the risks incurred by LOIR by representing Plaintiff on a partial

contingency basis; the undesirability of routine special education cases; and LOIR's use of

customary rates. (*See id.* at 21; ECF 51, Pl.'s Reply at 6-8.)

15

Defendant argues that the administrative matters "involved typical requests for relief, handled on a regular basis by IDEA attorneys" and that the proceedings were "short and basic," noting, among other factors, that Defendant (1) did not present a case in the G.K. administrative proceeding, and (2) conceded denial of a FAPE in the J.K. administrative proceeding. (ECF 44, Def's Mem. at 15-16.) As to this case, Defendant contends that the simplicity of the fee actions and recent caselaw warrant a reduction in rates for all work on the fee action. (*See id.* at 18.) Defendant also asserts that LOIR's rates are not customary and that LOIR's history of delays in producing billing records also counsels reducing the rates. (*See* ECF 44, Def.'s Opp. at 19-22.)

*a*. Johnson *Factors*

There are *Johnson* factors that counsel in both directions for the fee award here. There do not appear to have been significant time limitations, nor has Plaintiff demonstrated the undesirability of the matters by showing that counsel forewent more lucrative work to take them on. It does not appear that J.A. had any prior relationship with counsel prior to these matters, nor were the financial stakes "unusually high." *O.R. v. N.Y.C. Dep't of Educ.,* 340 F. Supp. 3d 357, 365 (S.D.N.Y. 2018). And the matters were not heavily contested. Defendant did not present any witnesses and waived cross-examination at the DPH for G.K. and did not appeal the findings of the IHO. (*See* ECF 33-12, Sept. 29, 2020 FOFD at 2, 4; ECF 1, Compl. ¶ 24.) In the J.K. administrative action, Defendant presented only documentary evidence and cross-examined J.A.'s witnesses; Defendant did not appeal the findings of the IHO. (*See* ECF 33-23, Aug. 20, 2022 FOFD at 2, 4;ECF 1, Compl. ¶ 25.)

On the other hand, these matters involved administrative proceedings for two separate students, were taken on contingency basis, and were not uncontested. (*See* ECF 33, First Roller

16

Decl. ¶¶ 42-61.) And Plaintiff's counsel achieved Plaintiff's desired result and obtained all the relief J.A. sought for both G.K. and J.K., after withdrawing three claims on behalf of J.K. (*See* ECF 33-19, June 23, 2022 Hrg. Tr. at 18-19; ECF 33-23, Aug. 20, 2022 FOFD at 6-8.) "The degree of success obtained by plaintiff's counsel is the most critical factor in determining the reasonableness of a fee award." *H.W.*, 2022 WL 541347, at *3. However, this single factor "does not outweigh the rest . . . ." *Id.*

### b. The Evidence Proffered by Plaintiff

To support the claim that LOIR's rates are reasonable ones that a client would be willing to pay, Plaintiff provides declarations from two clients who paid similar rates to those requested here (*see* ECF 38; ECF 39) as well as from clients, including Plaintiff, who paid LOIR on a partial contingency basis (*see* ECF 40; ECF 41, First J.A. Decl.).

To support the claim that LOIR's rates align with prevailing market rates, Plaintiff provides declarations from four experienced attorneys stating that the rates requested by Plaintiff "are reasonable." (ECF 35, Mayerson Decl.; ECF 36 Arkontaky Decl.; ECF 37 Deedy Decl.; ECF 54, Rozynski Decl.) This Court has previously reviewed similar declarations and affidavits from special education law attorneys and held that they should be afforded limited weight. *See L.C. v. N.Y.C. Dep't of Educ.*, No. 21-CV-1250 (VSB), 2025 WL 19850, at *5 (S.D.N.Y. Jan. 2, 2025) ("Courts tend to be suspicious of declarations from IDEA attorneys that purport to establish prevailing market rates"); *see also C.B. v. N.Y.C. Dep't of Educ.*, No. 18-CV-7337 (CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) ("[P]ast district courts . . . have decided not to rely too heavily [on these kinds of] affidavits, since they may only provide isolated examples of billing rates of a few lawyers, may leave out context that rationalizes the rates billed, and may even list

17

rates that are not in practice ever paid by reasonable clients."); *H.C. v. N.Y.C. Dep't of Educ.*, No. 20-CV-0844 (JLC), 2021 WL 2471195, at *5 n.5 (S.D.N.Y. June 17, 2021) (declining to accord any weight to "affidavits from other attorneys that purport to establishing the prevailing market rates for attorneys practicing special education law in this district" submitted by the plaintiff because "the attorney affidavits . . . do not provide enough context to apply the *Johnson* factors"), *aff'd*, 71 F.4th 120 (2d Cir. 2023); *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-CV-6851 (VEC), 2019 WL 4735050, at *3 n.4 (S.D.N.Y. Sept. 26, 2019) (finding the plaintiff's declarations "containing rates billed by other IDEA practitioners" to be "not especially helpful absent context necessary to apply the *Johnson* factors"). Therefore, in line with this Court's prior rulings, I give only limited  weight to the Mayerson, Arkontaku, Deedy and Rozynski Declarations.

c.   *Counsel's Experience and Customary*
     *Hourly Rates and Fees Awarded in Similar Cases*

i.   Irina Roller

Plaintiff requests that the Court award $550 per hour for Irina Roller for all work done. (*See* ECF 33, First Roller Decl. ¶ 16) Roller notes that her customary hourly rate for cases during the 2022-2023 and 2023-2024 school years was $600. (*See id.* ¶¶ 13-14.) Defendant requests that Roller's hourly rate be reduced to $385 for the administrative proceeding and $200 for the federal fee action. (*See* ECF 44, Def.'s Opp. at 4.)

Roller is an experienced litigator in the practice area of special education law and has practiced in that field since 2007, when her law firm began specializing in that area of the law. (*See* ECF 33, First Roller Decl. ¶¶ 10-12.) She frequently engages in motion practice in this Court, and hourly rates ranging between $400 and $550 have been approved as reasonable for her.

18

*See, e.g., J.M. v. N.Y.C. Dep't of Educ.*, No. 23-Cv-10002 (MMG) (JW), 2024 WL 5047662, at *3 (S.D.N.Y. Dec. 9, 2024) (approving requested hourly rate of $550), *report and recommendation adopted as modified*, No. 23-CV-10002 (MMG), 2025 WL 223990 (S.D.N.Y. Aug. 6, 2025); *M.N. on behalf of N.V. v. N.Y.C. Dep't of Educ.*, No. 23-CV-7791 (DLC), 2024 WL 3085071, at *5 (S.D.N.Y. June 20, 2024) (reducing the requested hourly rate from $550 to $400); *E.L. v. N.Y.C. Dep't of Educ.*, No. 23-CV-2560 (AS), 2024 WL 3887154, at *3 (S.D.N.Y. Aug. 21, 2024) (reducing the requested hourly rate to $500); *J.H. v. N.Y.C. Dep't of Educ.*, No. 23-CV-4753 (AKH), 2024 WL 2330462, at *2 (S.D.N.Y. May 21, 2024) (approving the requested hourly rate of $550); *R.S. v. N.Y.C. Dep't of Educ.*, No. 21-CV-2257 (JPO), 2023 WL 6389118, at *2 (S.D.N.Y. 29, 2023) (reducing the requested hourly rate to $450). Considering awards in similar LOIR cases, the routine nature of the questions presented in this matter, other *Johnson* factors, and the case law, as well as the significant delay to LOIR in receiving payment as a result of the stay of this matter, I respectfully recommend an hourly rate of $500 as reasonable for Roller for work on the administrative proceedings.

With regard to this matter, however, there is precedent for reducing the hourly rate for work on a simple attorneys' fees application to $200 per hour. *See, e.g., S.F. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11147 (PAE), 2023 WL 4531187, at *10 (S.D.N.Y. July 13, 2023) (reducing an attorney's hourly rate from $475 per hour to $200 per hour despite the attorney's years of litigation experience because "the fees action did not call upon special expertise," "[i]t merely entailed the well-trod and relatively mechanistic process of preparing and defending a fee application," and because the "quality of the lawyering on th[e] project . . . did not exceed that of a junior associate")*; C.B.* 2019 WL 3162177, at *12 (S.D.N.Y. Jul. 2, 2019) (reducing rates for

19

the time spent on a federal fee action to $200 per hour). Therefore, I respectfully recommend an hourly rate of $200 as reasonable for Roller for work on the fee application.

ii.  Jamie Mattice

Plaintiff requests that the Court award $485 per hour for work by Jamie Mattice on the two administrative matters. (*See* ECF 32, Pl.'s Mem. at 10.) Defendant requests that Mattice's hourly rate be reduced to $350. (*See* ECF 44, Def.'s Opp. at 4.) Mattice has practiced special education law since 2010 and other types of litigation since 2002. (*See* ECF 33, First Roller Decl. ¶ 79; ECF 33-27, Resume of Jamie Mattice.)

Courts in this District have approved hourly rates between $300 and $425 for similarly experienced special education lawyers. *See, e.g., J.G. v. N.Y.C. Dep't of Educ.*, 719 F. Supp. 3d 293, 308-09 (S.D.N.Y. Feb. 22, 2024) ($400 per hour for experienced special education attorneys); *T.A. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7104 (GHW), 2022 WL 3577885, at *5 (S.D.N.Y. Aug. 19, 2022) ($375 per hour for an experienced special education attorney); *N.G. v. N.Y.C. Dep't of Educ.*, No. 21-CV-8488 (PGG) (JLC), 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12, 2024) ($425 per hour for an experienced special education attorney).

Considering awards in similar cases, the routine nature of the legal questions in this matter, other *Johnson* factors, and the case law, as well as the significant delay to LOIR in receiving payment as a result of the stay of this matter, I respectfully recommend an hourly rate of $400 as reasonable for legal work by Mattice on the administrative proceedings.

iii.  Traci Weissman

Plaintiff requests that the Court award $450 per hour for legal work conducted by Traci Weissman. (*See* ECF 33, First Roller Decl. ¶ 81.) Defendant requests that Weissman's rate be

reduced to $210 per hour. (*See* ECF 44, Def.'s Opp. at 4.) Weissman has practiced special education law since 2021 and other forms of litigation since 2011. (*See* ECF 33, First Roller Decl. ¶ 81; ECF 33-30, Resume of Traci Weissman.) She worked only on the J.K. administrative matter.

Courts in this District typically award hourly rates between $150 and $275 to attorneys with three or fewer years of experience in IDEA litigation. *See R.G.*, 2019 WL 4735050, at *3. This applies to attorneys with years of experience prior to working on IDEA litigation. *See, e.g., H.C.*, 2021 WL 2471195, at *6 (awarding $200 per hour to an attorney who had three years of IDEA litigation experience and had practiced general litigation for nine years prior); *S.J. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1922 (LGS) (SDA), 2020 WL 6151112, at *4-5 (S.D.N.Y. Oct. 20, 2020) (awarding $200 per hour to an attorney who had fewer than three years of IDEA litigation experience and had previously practiced general litigation).

Considering awards in similar cases, the routine nature of the legal questions in this matter, other *Johnson* factors, and the case law, as well as the significant delay to LOIR in receiving payment as a result of the stay of this matter, I respectfully recommend an hourly rate of $300 as reasonable for legal work by Weissman on the J.K. administrative matter.

iv.  Edward C. Perkins

Plaintiff requests that the Court award $325 per hour for legal work conducted by Edward C. Perkins. (*See* ECF 33, First Roller Decl. ¶ 80.) Defendant requests Perkin's hourly rate be reduced to $180.  (*See* ECF 44, Def.'s Opp. at 4.) Perkins has eight years of relevant special education law experience and has been a lawyer since 2016. (*See* ECF 33, First Roller Decl. ¶ 80; ECF 33-28, Resume of Edward C. Perkins.) He worked solely on the G.K. administrative matter.

Courts in this District have approved hourly rates between $300 and $425 for similarly experienced special education lawyers. *See, e.g., J.G*, 719 F. Supp. at 308-09 ($400 per hour for experienced special education attorneys); *T.A.*, 2022 WL 3577885, at *5 ($375 per hour for an experienced special education attorney); *N.G*, 2024 WL 133615, at *4 ($425 per hour for an experienced special education attorney); *R.S.*, 2023 WL 6389118, at *3 (finding an hourly rate of $350 reasonable for LOIR attorneys with seven years of experience).

Considering awards in similar cases, the routine nature of the legal questions in this matter, other *Johnson* factors, and the case law, as well as the significant delay to LOIR in receiving payment as a result of the stay of this matter, I respectfully recommend the requested hourly rate of $325 as reasonable.

v.    Paralegals

Plaintiff requests that the Court award fees for three of the eight paralegals who worked on these matters. (*See* ECF 32, Pl.'s Mem. at 12.)

Gaitree Bhoge was hired by LOIR in September 2021 as a senior paralegal and has over 21 years' experience as a litigation paralegal. (*See* ECF 33, First Roller Decl. ¶ 82; ECF 33-29 Resume of Gaitree Bhoge.) Plaintiff requests an hourly rate of $200 for Bhoge's time. (*See* ECF 33, First Roller Decl. ¶ 82.) Defendant requests that Bhoge's hourly rate be reduced to $100. (*See* ECF 39, Def.'s Opp. at 4.)

Diane Ho was hired by LOIR in 2019 as a paralegal; she had prior experience as a legal assistant and office assistant. (*See* ECF 33, First Roller Decl. ¶ 83; ECF 33-25 Resume of Diane Ho.) Plaintiff requests an hourly rate of $185 for Ho. (*See* ECF 33, First Roller Decl. ¶ 84.) Defendant requests that Ho's hourly rate be reduced to $100. (*See* ECF 39, Def.'s Opp. at 4.)

Maria Mandilas was hired by LOIR in 2019 as the office manager; she has over 12 years' experience as a litigation paralegal and office manager. (*See* ECF 33, First Roller Decl. ¶ 84; ECF 33-26 Resume of Maria Mandilas.) Plaintiff requests an hourly rate of $200 for Mandilas. (*See* ECF 33, First Roller Decl. ¶ 84.) Defendant requests that Mandilas' hourly rate be reduced to $125. (*See* ECF 39, Def.'s Opp. at 4.)

Courts in this District regularly award hourly rates between $100 and $125 for paralegals in similar IDEA matters. *See J.G.*, 719 F. Supp. 3d at 310-11 (awarding $125 hourly rate to paralegal with "more than entry-level qualifications"); *L.L. v. N.Y.C. Dep't of Educ.*, No. 20-CV-2515 (JPO), 2022 WL 392912, at *4 (S.D.N.Y. Feb. 9, 2022) (awarding $100 hourly rate to paralegals), *aff'd sub nom. H.C.*, 71 F.4th 120.

Considering awards in similar cases, other *Johnson* factors, and the case law, as well as the significant delay to LOIR in receiving payment as a result of the stay of this matter, I respectfully recommend an hourly rate of $125 as reasonable for Bhoge and Mandilas and an hourly rate of $100 as reasonable for Ho.

### vi. Ellen M. Saidemen

Plaintiff requests that the Court award $450 per hour for legal work conducted by Ellen Saidemen on the federal fee action. (*See* ECF 33, First Roller Decl. ¶ 87.) Defendant requests that Saideman's rate be reduced to $200 per hour. (*See* ECF 44, Def.'s Opp. at 4.) Saideman is an experienced litigator in the practice area of special education law with over 30 years of special education related legal experience. (*See* ECF 34 First Saideman Decl. ¶¶ 5-21; ECF 34-1, Resume of Ellen M. Saideman.) Saideman has served as co-counsel for New York City special education attorneys in this District since 2021. (*See* ECF 34, First Saideman Decl. ¶¶20, 22.) Saideman

notes that her customary hourly rate is $650 but that she is charging $450 per hour in this case due to her limited role. (*See id.* ¶ 28.) A Court in this District previously found an hourly rate of $450 reasonable for Saideman's work in connection with a federal fee action. *See S.K. v. N.Y.C. Dep't of Educ.*, No 21-CV-7291 (JLR), 2023 WL 2456693, at *6-7 (S.D.N.Y. Mar. 10, 2023), *reconsideration denied*, 2023 WL 3646935 (S.D.N.Y. May 25, 2023).

However, some Courts in this District have reduced the hourly rates requested for work on simple attorneys' fees applications to $200, because the work involved is so straightforward. *See, e.g., S.F.*, 2023 WL 4531187, at *10; *C.B.*, 2019 WL 3162177, at *12. I find the reasoning in those cases to be persuasive. Notwithstanding Saideman's extensive background in special education law, I respectfully recommend an hourly rate of $200 as reasonable for her work on this routine and straightforward fee application.

### 2. Reasonable Hours Expended

Defendant argues that Plaintiff's billing records reflect excessive billing and seeks a 5% reduction in time billed for the administrative cases, plus a further reduction for 0.1 hour time entries by paralegals and 0.1 and 0.2 hour time entries by lawyers, and a 50% reduction in time billed in this action. (*See* ECF 44, Def.'s Opp. at 2-4.) Plaintiff responds that a reduction is not warranted based on the *Johnson* factors and other relevant considerations. (*See* ECF 51, Pl.'s Reply Mem. at 5-9, 27, 29-30.)

When determining the number of reasonable hours expended, "the district court may exclude hours that are excessive, redundant, or otherwise unnecessary." *H.C.*, 71 F.4th at 126. The "court also has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id*. However, as Justice

24

Kagan said, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### a. Administrative Proceedings

Plaintiff seeks $18,884.50 for 46.2 hours of work performed for the G.K. administrative proceeding and $38,152.50 for the 80.3 hours of work performed for the J.K. administrative proceeding; Plaintiff does not seek payment for work of one of her attorneys. (*See* ECF 32, Pl.'s Mem. at 10; ECF 33, First Roller Decl. ¶ 88; ECF 33-1, G.K. Invoice; ECF 33-2 J.K. Invoice) Plaintiff argues that the underlying administrative cases required significant pretrial preparation and that Defendant's delay until the first day of the J.K. administrative hearing to tell LOIR that it was conceding that the school had failed to provide a FAPE forced LOIR to spend more time than necessary on the matter. (*See* ECF 32, Pl.'s Mem. at 23-24; ECF 51, Pl.'s Reply Mem. at 7.)

Defendant requests a 5% across-the-board reduction in Plaintiff's hours for what Defendant argues are excessive billing practices at the administrative phases as well as a deduction of all entries for 0.1 hours by paralegals and 0.1 and 0.2 hours by attorneys billed during those administrative phases. (*See* ECF 44, Def.'s Opp. at 3, 28, 30.) Defendant argues LOIR billed excessive amounts on the routine and largely uncontested administrative proceedings, including by taking too much time to draft the DPCs; by billing $4,820.50 before the G.K. administrative hearing request was filed; and by billing for multiple 0.1 and 0.2 hour time entries for tasks that should have taken only moments. (*See id.* at 28-30.)

An across-the-board reduction in hours of 5% along with my recommended hourly rate reductions would lead to a reduction in fees for the two administrative matters of approximately $13,600.00. *See* Charts, *infra.* And Plaintiff's counsel billed a total of $2,237.00

for 7.3 hours of 0.1 hour entries by paralegals and 0.1 and 0.2 hour entries by lawyers in the

G.K. administrative matter and a total of $4,093.50 for 9.6 hours of 0.1 hour entries by

paralegals and 0.1 and 0.2 hour entries by lawyers in the J.K. administrative action for brief tasks

such as telephone and email communications, document and file management, and brief

appearances on the record. (*See generally* ECF 33-1, G.K. Invoice; ECF 33-1, J.K. Invoice.)

I have reviewed the two DPCs, which include chronologies tailored to each child's case.

(*See generally* ECF 33-6, G.K. DPC; ECF 33-15, J.K. DPC.) I cannot conclude that the time spent

drafting the DPCs was unreasonable. And Plaintiff is correct that Defendant's delay in notice of

its decision to concede that the school had failed to provide J.K. with a FAPE means that LOIR's

pre-hearing preparation in the J.K. matter was not unreasonable. However, the relief sought –

requests for findings that the children had not been provided with a FAPE, that J.A.'s unilateral

placement of G.K. and J.K. be approved and paid for, and that school transportation

reimbursement for G.K. and funding for both children be provided – was relatively

straightforward, which could support the requested 5% reduction in hours. *See S.B. v. N.Y.C.*

*Dep't of Educ.*, No. 23-CV-3961 (PAE), 2024 WL 1406559, at *1, *8 (S.D.N.Y. Apr. 2, 2024)

(describing the drafting of a DPC seeking similar relief as "routine").

As to possible overuse of billing of 0.1 and 0.2 hours for tasks that take moments, I

decline to exclude entries by lawyers for 0.2 hours; I have reviewed the billing records and there

is no basis to conclude that lawyers working on this matter billed 0.2 hours for tasks that took

only moments. Plaintiff's counsel billed approximately $1,000.00 dollars for approximately three

hours of 0.1 hour entries in the G.K. administrative matter and approximately $1,000.00 for

approximately three hours of 0.1 hour entries in the J.K. administrative matter, and the work

described in those entries should have taken fewer than six hours; accordingly, I believe the fees for those entries should be excluded. I conclude that the requested 5% reduction of hours billed for the administrative proceedings (based on my recommended adjusted rates), plus an additional reduction of $2,000.00, will achieve "rough justice." *C.L. on behalf of C.L.G. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7094 (RA), 2022 WL 17156715, at *6 (S.D.N.Y. Nov. 22, 2022).

Accordingly, I respectfully recommend that Your Honor should apply an across-the-board 5% reduction to the hours billed at reduced rates for the two administrative proceedings and should then deduct $2,000.00 for entries of 0.1 hours. As a result, for the administrative hearings, the adjusted total fees would be $41,787.50 ($15,595.00 for the G.K. administrative action, and $28,192.50 for the J.K. administrative action, less $2,000.00) as reflected in the charts below.[6]

---

[6]    The requested hourly rates in the charts are taken from Plaintiff's First Roller Declaration (ECF 33, First Roller Decl. ¶ 88) and Plaintiff's Reply Memorandum of Law (ECF 51).

27

| G.K. Administrative Action | | | | | | |
|---|---|---|---|---|---|---|
| Attorney/Paralegal | Requested Hourly Rate | Number of Hours Billed | Requested Fees | Adjusted Hourly Rate | Adjusted Hours (-5%)[7] | Adjusted Fees |
| Diane Ho (paralegal) | $185.00 | 7.7 | $1,424.50 | $100.00 | 7.3 | $730.00 |
| Maria Mandilas (Paralegal) | $200.00 | 3.5 | $700.00 | $125.00 | 3.3 | $412.50 |
| Jamie Mattice (attorney) | $485.00 | 7.5 | $3,637.50 | $400.00 | 7.1 | $2,840.00 |
| Edward C. Perkins (attorney) | $325.00 | 8.9 | $2,892.50 | $325.00 | 8.5 | $2,762.50 |
| Irina Roller (attorney) | $550.00 | 18.6 | $10,230.00 | $500.00 | 17.7 | $8,850.00 |
| **Total** | | **46.2** | **$18,884.50** | | **43.9** | **$15,595.00** |
| J.K. Administrative Action | | | | | | |
| Attorney/Paralegal | Requested Hourly Rate | Number of Hours Billed | Requested Fees | Adjusted Hourly Rate | Adjusted Hours (-5%)[8] | Adjusted Fees |
| Gaitree Bhoge (paralegal) | $200.00 | 1.8 | $360.00 | $125.00 | 1.7 | $212.50 |
| Diane Ho (paralegal) | $185.00 | 0.6 | $111.00 | $100.00 | 0.6 | $60.00 |
| Maria Mandilas (Paralegal) | $200.00 | 0.8 | $160.00 | $125.00 | 0.8 | $100.00 |
| Jamie Mattice (attorney) | $485.00 | 15.9 | $7,711.50 | $400.00 | 15.1 | $6,040.00 |
| Irina Roller (attorney) | $550.00 | 22.7 | $12,485.00 | $500.00 | 21.6 | $10,800.00 |
| Traci Weissman (attorney) | $450.00 | 38.5 | $17,325.00 | $300.00 | 36.6 | $10,980.00 |
| **Total** | | **80.3** | **$38,152.50** | | **76.4** | **$28,192.50** |
| **Total Both Actions** | | | | | | **$43,787.50** |
| Deduction | | | | | | ($2,000.00) |
| **TOTAL ADJUSTED FEES BOTH ACTIONS** | | | | | | **$41,787.50** |

     *b.  Federal Litigation*

Plaintiff seeks a total of $37,724.00 in attorneys' fees for this action for work performed by attorneys Roller (26.6 hours) and Saideman (34.2 hours) and paralegal Bhoge (38.6 hours). (*See* ECF 51, Pl.'s Reply at 11.) This amount of time is excessive. It should not have taken counsel more than 40 hours to litigate a routine fee application for one child. *See, e.g., B.B. v. N.Y.C.*

---

[7]    The adjusted hours are rounded to the nearest tenth of an hour.

[8]    The adjusted hours are rounded to the nearest tenth of an hour.

*Dep't of Educ.*, No. 17-CV-4255 (VEC) (SDA), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018) ("[A]

competent attorney should not have needed more than 40 hours to litigate this fee petition.

The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to

marshal the facts to support the number of hours expended on the underlying matter."). The

additional work required because the fees cover an administrative proceeding for a second child

should not have taken more than ten hours. I respectfully recommend an across-the-board 50%

reduction in hours billed. The adjusted fees are $8,492.50, as seen on the chart below.

| Federal Action[9] | | | | | | |
|---|---|---|---|---|---|---|
| **Timekeeper and Position** | **Requested Hourly Rate** | **Number of Hours Billed** | **Requested Fees** | **Adjusted Hourly Rate** | **Adjusted Hours (-50%)[10]** | **Adjusted Fees** |
| Irina Roller (Attorney) | $550.00 | 26.6 | $14,630.00 | $200.00 | 13.3 | $2,660.00 |
| Ellen M. Saideman (Attorney) | $450.00 | 34.2 | $15,390.00 | $200.00 | 17.1 | $3,420.00 |
| Gaitree Bhoge (Paralegal) | $200.00 | 38.6 | $7,720.00 | $125.00 | 19.3 | $2,412.50 |
| **Total** | | **99.4** | **$37,740.00** | | **49.7** | **$8,492.50** |

3. Costs

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D.*,

2018 WL 3769972, at *12. Plaintiff seeks $402.00 for the filing fee this action. (*See* ECF 52-2 Fed.

Action Invoice 2, at 9.) The filing fee with this Court in 2023 was $402. Therefore, I respectfully

recommend that Your Honor should award Plaintiff costs of $402.00.

---

[9]     The requested hourly rates in the chart are taken from Plaintiff's First Roller Declaration
(ECF 33, First Roller Decl. ¶ 88) and Plaintiff's Reply Memorandum of Law (ECF 51).

[10]    The adjusted hours are rounded to the nearest tenth of an hour.

4.  IDEA Fee Cap

Defendant claims that the IDEA fee cap is applicable in this case as of service of its settlement offer of $33,800. (*See* ECF 44, Def.'s Opp. at 13-14.) The IDEA provides that "[a]ttorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if . . . the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i). Therefore, "a plaintiff may not recover fees or costs for services performed after receipt of a written offer of settlement that exceeds the relief awarded [by the Court]." *S.F.*, 2023 WL 4531187, at *13 n.15.

On January 23, 2024, Defendant made a settlement offer to Plaintiff of $33,800.00 for the two administrative actions. (*See* ECF 44, Def.'s Opp. at 2; ECF 46-4, Offer of Settlement ¶ 2.) Defendant argues that the IDEA's fee cap should apply if the Court finds the Plaintiff was entitled to an award of less than $33,800.00 as of the date of the settlement offer. (*See* ECF 44, Def.'s Mem. at 13-14.) Plaintiff counters that the IDEA's fee cap does not apply to this case and that the cases Defendant points to for support are inapposite, because the cases all involve the Cuddy Law Firm, a firm for which this Court has frequently imposed significant fee reductions. (*See* ECF 51, Pl.'s Reply at 10.)

I conclude that the fee cap should not apply to Plaintiff's fees, because the "relief obtained for pre-Offer attorneys' fees . . . is more favorable than the amount offered by [Defendant] for the same period . . . ." *J.A. v. N.Y.C. Dep't of Educ.*, No. 22-CV-9454 (VEC), 2023 WL 7273742, at *3 (S.D.N.Y. Nov. 3, 2023). Plaintiff's counsel completed work on the G.K.

administrative proceeding on February 28, 2021 and completed work on the J.K. administrative

proceeding on September 12, 2023. (*See* ECF 33-2, J.K. Invoice at 9.) As of January 23, 2024,

Plaintiff's counsel had incurred $41,787.50 in reasonable fees for the two administrative actions

plus $903.75 for work on this matter (*see* ECF 33-3, Fed. Action Invoice at 2-4; ECF 34-2

Saideman Invoice), for a total of $42,691.25. Because this amount is higher than the settlement

offer of $33,800.00, the fee cap does not apply. Therefore, Plaintiff may recover for fees and

costs incurred after the date of the settlement offer.

5.   The Retainer Agreement and Certain Minimum Fees Paid by J.A.

Defendant argues that the "non-refundable" and "minimum fee" payments made by J.A.

pursuant to the retainer agreements, totaling $6,000.00, should be deducted from any

attorneys' fees the Court awards. (ECF 44, Def.'s Opp. at 9-11.) Defendant cites no authority to

support its argument, asserting that failing to deduct these payments would result in "double

dipping." (*Id.* at 9.) Plaintiff counters that where a "fee agreement provide[s] less than a

reasonable fee calculated . . . a plaintiff's recovery [should] not be reduced by what he must pay

his counsel." (ECF 51, Pl.'s Reply at 3 (citing *Blanchard v. Bergeron*, 487 U.S. 87, 94 (1998)).) In

further support of her argument, Plaintiff highlights that the "award of attorneys' fees

ultimately belongs to the client, and not the attorney," and that LOIR's practice, as clearly stated

within the retainer agreements, is to refund any excess fees after the firm is paid. (*See* ECF 51,

Pl.'s Reply at 3-4 (quoting ECF 46-5, J.A.'s Redacted Retainer Agreements, and citing *Pirsig v.

Dresdner, Kleinwort, Benson, N. Am. LLC*, 408 F.3d 133, 141 n.4 (2d Cir. 2007).) "Plaintiff paid

these retainers and as a successful litigant is entitled to reimbursement." *J.H.*, 2024 WL

2330462, at *2. Accordingly, I respectfully recommend that Your Honor should award Plaintiff

the full calculated fees and costs so that she can be reimbursed for her payments to counsel under the retainer agreements.

### E. Post-Judgment Interest

Plaintiff does not seek post-judgment interest pursuant to 28 U.S.C. § 1961. (*See generally* ECF 32, Pl.'s Mem.; ECF 51 Pl.'s Reply Mem.) However, post-judgment interest should be granted because "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *S.J. v. N.Y.C. Dep't of Educ.*, No. 20-CV-1922 (LGS), 2021 WL 100501, at *5 (S.D.N.Y. Jan. 12, 2021), *modified on other grounds*, 2021 WL 536080 (S.D.N.Y. Jan. 25, 2021), *aff'd*, No. 21-240-CV, 2022 WL 1409578 (2d Cir. May 4, 2022).

### CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's motion for summary judgment should be GRANTED IN PART, in that Plaintiff should be awarded reasonable attorneys' fees and costs in the amount of **$50,682.00**, consisting of **$15,595.00** in fees for the G.K. administrative action, **$28,192.50** in fees for the J.K. administrative action, less **$2,000.00**, plus **$8,492.50** in fees for this action, and **$402.00** in costs, plus post-judgment interest.

Dated: January 9, 2026
New York, New York

Respectfully Submitted,

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

<u>**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO REPORT AND RECOMMENDATION**</u>

The parties shall have fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Requests for extensions of time for filing objections must be addressed Judge Caproni.

**FAILURE TO FILE OBJECTIONS WITHIN 14 DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).