UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

J.A., individually and on behalf of her minor
children G.K. and J.K.,

                      Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.

---------------------------------------------------------- X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 2/5/2026 |

23-CV-8547 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

On September 28, 2023, Plaintiff J.A. — the parent of G.K. and J.K., minor children with disabilities — sued the New York City Department of Education ("DOE") pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA") to recover fees associated with two administrative proceedings. *See* Compl., Dkt. 1. On January 23, 2024, DOE made a written offer of settlement of $33,800, which Plaintiff rejected.[1]  *See* Def.'s Mem. of Law in Opp'n. re: Mot. for Attorney Fees and Costs, Dkt. 44 at 2. On April 9, 2024, Plaintiff filed a Motion for Attorney Fees and Costs initially seeking $79,504 for legal fees and costs associated with Plaintiff's IDEA claims. Dkt. 31. This case was referred to a magistrate judge for the preparation of a Report & Recommendation ("R&R") on Plaintiff's Motion. Order, Dkt. 30. The case was then assigned to Magistrate Judge Robyn F. Tarnofsky. On June 10, 2024, Plaintiff's Reply updated the fee tally to include fees from this fee action, now totaling

---

[1]    While the Court appreciates DOE's efforts to resolve these sorts of fee disputes by making offers of settlement, there are other aspects of DOE's litigation tactics in IDEA cases that make little sense. In this case, for example, the Magistrate Judge is recommending Plaintiff be awarded approximately $15,500 in fees for litigating an administrative action that DOE determined, at the last minute, not to contest. Making those sorts of decisions early, so that plaintiffs' attorneys need not prepare for unnecessary hearings, might be a more economical strategy than making offers of judgment after the case has landed in federal court.

1

$95,179.  *See* Pl.'s Reply Mem. of Law in Supp. re: Mot. for Attorney Fees and Costs ("Reply Mem."), Dkt. 51 at 10–11; *see also* R&R, Dkt. 68 at 1, fn. 1.

On August 5, 2024, the Court stayed this case pending the Second Circuit's decision in *Y.G. et al. v. New York City Department of Education*, No. 22-1184.  Order, Dkt. 63. On October 10, 2025, the parties informed the Court that the Second Circuit had rendered a decision and had declined rehearing, and that the mandate had issued on October 3, 2025.  Joint Letter, Dkt. 66.  The parties reported to the Court that the decision offered no new guidance and requested that the Court lift the stay and resolve the pending motion.  *Id.*  The Court lifted the stay on October 14, 2025.  Order, Dkt. 67.

On January 9, 2026, Magistrate Judge Tarnofsky entered an R&R, recommending that the Court grant Plaintiff's Motion in part and award Plaintiff $50,682 in attorneys' fees and costs: $15,595 and $28,192.50 for the administrative proceedings for G.K. and J.K., respectively, less $2,000 worth of reductions; $8,492.50 for this action; and $402 in costs, plus post-judgment interest.  R&R, Dkt. 68 at 32.  Plaintiff objected to the R&R.  Pl.'s Obj. to R&R ("Pl.'s Obj."), Dkt. 69.  For the foregoing reasons, the R&R is ADOPTED in full, Plaintiff's objections to the R&R are OVERRULED, and Plaintiff's Motion for Attorney Fees and Costs is GRANTED IN PART.

## DISCUSSION

### I.  Legal Standards

#### a.  R&R Review

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The Court "must determine de novo any part of the magistrate judge's disposition that has been

2

properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

### b. IDEA Fees

The IDEA provides children with disabilities and their parents the right to seek relief for violations of their right to a free and appropriate public education from the relevant local educational agency. 20 U.S.C. § 1400 et seq. Under the IDEA, the court may award reasonable attorneys' fees to a prevailing party; any such fee is based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)–(C). Thus, a district court, as a threshold matter, determines whether the party seeking an award of fees is a prevailing party. *A.B. v. N.Y.C. Dep't of Educ.*, No. 20-CV-3129 (SDA), 2021 WL 951928, at *2 (S.D.N.Y. Mar. 13, 2021) (quoting *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006)). So long as the party is deemed prevailing, it can proceed but bears the burden. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). It must establish its entitlement to fees and provide documentation in support of the rates charged and hours expended. *Id.*

A district court is tasked with determining the appropriate billable hours expended and setting a "reasonable hourly rate." *Lilly v. City of New York*, 934 F.3d 222, 229–30 (2d Cir. 2019). A "presumptively reasonable fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times [the] reasonable hourly rate." *R.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022) (quoting *Arbor Hill Concerned Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).

## II.     The Court Adopts the R&R in Full

Given Plaintiff's objections, the Court conducted a *de novo* review of the recommended fee award.  In particular, the Court reviewed Plaintiff's billing materials and relevant submissions, *see* Decl. of I. Roller, Esq. in Supp. re: Mot. for Attorney Fees and Costs, Dkt. 33 (collecting materials).  The Court now adopts the R&R in full, as it followed the appropriate steps for calculating a reasonable fee award.  *See* R&R, Dkt. 68 at 14–29.  The Court agrees with the R&R that the hourly rates for attorneys at the Law Offices of Irina Roller, PLLC and the Law Office of Ellen M. Saideman — and their total hours billed — should be reduced significantly.[2] Thus, Plaintiff is awarded $50,682 in fees and costs, plus post-judgment interest, and Plaintiff's objections to the R&R are overruled.

### A.     Plaintiff's Objection to the Reduction in the Hourly Rates for the Fee Action Is Overruled

The R&R recommends hourly rates for the federal fee action of $200/hour for Ms. Roller, an attorney practicing in the field for almost 20 years, and $200/hour for Ms. Saideman, an attorney practicing in the field for over 30 years.  In the administrative proceedings, the R&R recommends rates of $500/hour for Ms. Roller and $400/hour for Ms. Saideman.

Plaintiff takes no issue with the rates and reductions for the administrative proceedings. Plaintiff contends, however, that reducing both the attorneys' hourly rates and the overall number of hours reasonably expended in the fee action "would be an abuse of discretion," given the time spent refuting "meritless arguments" raised by Defendant.  Pl.'s Obj., Dkt. 69 at 1.

---

[2]     That Plaintiff is the prevailing party is not contested.  Other aspects of the R&R, specifically regarding contemporaneous billing, client authorization, the IDEA fee cap, and post-judgment interest are not discussed here as there was no objection to those portions of the R&R.  Nonetheless, the Court reached its own conclusions on each aspect of the fee award.  If not covered in this Opinion & Order, the Court's conclusion arising from its *de novo* review fell fully in line with the R&R.  For example, the Court also concludes that the removal of $2,000 worth of 0.1 hour entries is justified.  *See C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 1:17-cv-7632 (PAE), 2018 WL 3769972, at *8 (S.D.N.Y. Aug. 9, 2018) (criticizing "the practice of . . . billing a plethora of 0.1 hour services for minor tasks of minimal duration").

Even while maintaining the overall reduction in the number of hours purportedly spent, which is discussed *infra*, Plaintiff's desired adjustments would nearly double their fees in the fee action alone, raising the fee award from $8,492.50 to $16,757.50.[3]

Plaintiff asserts that this case was "not simple," citing "Defendant's hardball tactics." Pl.'s Obj., Dkt. 69 at 3.  This argument is not compelling.  The Court is not persuaded that this was, as Plaintiff insists, "more complicated than a simple fee matter."  *Id.*  Plaintiff cites having to combat meritless arguments of Defendant.  It is common sense that contending with meritless arguments is in many ways easier than contending with arguments that hold water.  To demonstrate, Plaintiff raises the example of combatting Defendant's argument that Plaintiff's client did not authorize fee litigation.  *See id.* at 4.  Plaintiff, however, spent two short paragraphs in her Reply combatting that argument.  Reply Mem., Dkt. 51 at 1–2.  Nothing about that minimal work, i.e., citing the factual record and one Federal Rule of Civil Procedure, strikes the Court as so complex that it justifies an hourly rate in the $450–$500/hour range.  The Court also disagrees with Plaintiff that the R&R's reliance on *S.F. v. N.Y.C. Dep't of Educ.* is "misplaced." Pl.'s Obj., Dkt. 69 at 5; *see also* No. 21-CV-11147 (PAE), 2023 WL 4531187, at *10 (S.D.N.Y. July 13, 2023).  The Court finds this case to be an appropriate comparator, given the relatively uncomplicated nature of this fee action.  While the Court understands that some courts may award the same hourly rate for the federal fee litigation as for the underlying administrative proceedings, *see* Pl.'s Obj., Dkt. 69 at 4–5 (collecting cases), the Court is not compelled to do so.

---

[3]     This is still less than half of the fee that Plaintiff initially sought for the fee action: $37,740.  *See* R&R, Dkt. 68 at 1, 5 (citing Reply Mem., Dkt. 51 at 10–11).  It is not lost on the Court that the offer of settlement was only $16,882 less than the total award.  In other words, Plaintiff pursued an action in federal court that netted less than half of what it purportedly cost to bring it.  It is also not lost on the Court that Plaintiff asserts that Ms. Roller and Ms. Saideman's time in this action is worth $550 and $450 an hour, respectively, and that it took two highly paid, experienced lawyers 60.8 hours to litigate this very pedestrian claim for fees.  Both cannot be correct; indeed, neither is.

The Court takes Plaintiff's point that this case has been pending for a long time, due in part to the stay pending appeals in the Second Circuit, *see id.* at 6–7. The underlying administrative actions concern the 2019–2020 school year. *See* Demand for Due Process Hearing, Dkt. 33-6. This, while regrettable, does not justify a higher fee in the fee action. The Court understands that Plaintiff has requested current hourly rates and finds that more than sufficient to compensate for the delay, given the attorneys' hourly rates in the administrative proceeding were either maintained or reduced only slightly. *See* Pl.'s Obj., Dkt. 69 at 7, fn. 1; *see also* R&R, Dkt. 68 at 28 (maintaining the rate for attorney Perkins, reducing the rate for attorney Roller by $50, and reducing the rate for attorney Mattice by $85).

At bottom, in setting a reasonable hourly rate, district courts exercise "considerable discretion." *Arbor Hill Concerned Neighborhood Ass'n*, 522 F.3d at 190. For all the reasons stated herein, upon *de novo* review, Plaintiff's objections to the recommended fee rates are overruled, and the Court adopts the rates proposed in the R&R.

### B. Plaintiff's Objection to the Recommended Hours Reduction Is Overruled

Plaintiff accepts the reduction in hours but takes issue with reducing the number of hours *in concert* with reducing the hourly rates. Pl.'s Obj., Dkt. 69 at 3, 5. Plaintiff would have the Court adopt the 50% reduction in the number of hours but maintain the hourly rates awarded to Ms. Roller and Ms. Saideman in the administrative proceedings. *Id.* Nonetheless, the Court emphasizes that the standards applied in the R&R with regard to the number of hours billed comport with the standards applied in the Court's *de novo* review.

The Court finds that the fee application was "routine" and should not have taken anywhere close to the number of hours billed. *See* R&R, Dkt. 68 at 28–29. Forty hours for one

child's application and ten hours for the other strikes the Court as more than sufficient.[4]  *Id.*; *see also M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)) ("A district court may exercise its discretion and use a percentage deduction 'as a practical means of trimming fat from a fee application.'").   In conclusion, on *de novo* review, the Court adopts the R&R's recommendation that Plaintiff's hours billed in the fee action be reduced by 50%.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, and the R&R is ADOPTED in full.  Plaintiff's Motion for Attorney Fees and Costs is GRANTED IN PART, and Plaintiff is awarded $50,682 in attorneys' fees and costs, plus post-judgment interest.  The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 31, to enter judgment for Plaintiff consistent with this Order, and to close this case.

**SO ORDERED.**

**Date:  February 5, 2026**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[4]        There is a range of what is reasonable.  In the Court's view, the R&R recommended a fee at the upper end of what is reasonable in this case.